# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-52052-(AMK) |
| | ) | |
| **Kevin Laverne Erwin,** | ) | Chapter 7 |
| | ) | |
| **Tammy Jo Erwin,** | ) | |
| | ) | Judge Alan M. Koschik |
| **Debtors.** | ) | |

## MOTION TO DISMISS THE CASE FOR ABUSE
## PURSUANT TO 11 U.S.C. § 707(b)(1) & (3)

Now comes Daniel M. McDermott, the United States Trustee for Region 9, and respectfully requests this Court to enter an order dismissing the above-captioned case for abuse pursuant to 11 U.S.C. § 707(b)(1) & (3). This case should be dismissed because the totality of the circumstances of the debtors' financial situation indicates that the above-captioned chapter 7 case should be dismissed. In support, the United States Trustee states as follows:

1. **Overview.** Joint debtors Kevin Laverne Erwin and Tammy Jo Erwin (the "Debtors") have the ability to repay a portion of the claims they owe to their unsecured creditors. Mr. Erwin is a Maintenance Mechanic at Facts, Inc. where he has worked for about six months. Dkt. 1 at 31. He earns $5,000.67 per month. *Id*. He also receives VA Disability ($426.00 per month) and Army Retirement Disability ($114.00 per month). *Id*. at 32. Ms. Erwin receives Social Security Income of $1,940.00 per month. *Id*. The Debtors filed *Schedule I: Your Income* and *Schedule J: Your Expenses* (together, their "Budget"). The Budget includes not one, but two "anticipated car payments" of $350.00 each (a total of $700.00) and also removes Ms. Erwin's $1,940.00 of SSI income. Including these claimed "expenses," the Debtors have a surplus of $78.06. The Court should take into consideration the SSI income when considering the *totality* of the circumstances of the debtors' financial situation. *See* 11 U.S.C. § 707(b)(3). Including this

income, the Debtors have the ability to pay a portion of what they owe to their unsecured creditors. Accordingly, they should not be entitled to immediate relief through a Chapter 7 discharge.

2. **Standing.** Daniel M. McDermott is the United States Trustee for Region 9. Pursuant to 28 U.S.C. § 586, the United States Trustee is statutorily obligated to monitor the administration of cases commenced pursuant to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (the "Code"). The United States Trustee has standing to be heard. 11 U.S.C. § 307. This motion is timely under FED. R. BANKR. P. 1017(e).

3. **Filing History.** The Debtors filed a voluntary Chapter 7 petition on August 27, 2019. In accordance with 11 U.S.C. § 701, the United States Trustee appointed Harold A. Corzin to serve as the chapter 7 trustee (the "Trustee"). The meeting of creditors was opened on October 21, 2019 and concluded on November 18, 2019. This motion is timely under Fed. R. Bankr. Pro. 1017(e).

4. **Dismissal for Abuse.** Because granting relief in the above-captioned case would abuse the provisions of chapter 7 of the Code, the Court should enter an order dismissing the Debtors' case. 11 U.S.C. § 707(b)(1). The case should be dismissed because the "totality of the circumstances" of the Debtors' financial situation indicates that the case is an abuse of chapter 7. 11 U.S.C. § 707(b)(3). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") provides for the dismissal of an individual debtor's chapter 7 case if the Court finds "abuse." The applicable standard of "abuse" replaces the standard of "substantial abuse" that existed under § 707(b) of the prior version of the Code. 11 U.S.C. § 707(b)(1). Additionally, BAPCPA removes a presumption that had previously favored granting the relief requested by debtors. *Id.*

5. **Totality of the Circumstances 11 U.S.C. § 707(b)(3)**. The Court must consider whether the "totality of the circumstances" of the Debtors' case demonstrates an abuse of Chapter 7 of the Code. 11 U.S.C. § 707(b)(3)(B). "Totality of the circumstances" is a term of art that the Sixth Circuit Court of Appeals describes as a disjunctive two-factor test: "*either* lack of honesty *or* want of need" is sufficient to dismiss a case for abuse. Behlke v. Eisen (In re Behlke), 358 F.3d 429, 434 (6th Cir. 2004) (*quoting* In re Krohn, 886 F.2d 123, 126 (6th Cir. 1989) (internal citations removed) (emphasis added). The facts of this case indicate that the Debtors lack the need for a chapter 7 discharge.

6. **Want of Need**. The Debtors have the ability to pay their scheduled, unsecured creditors a significant portion of the debts they owe them without foregoing necessities. According to their Budget, the Debtors have net monthly income after all expenses of $78.06. Dkt. 1 at 34. However, the Debtors inappropriately removed Ms. Erwin's Social Security Income from the Budget. *Id*. The Court should consider this as part of the *totality* of the Debtors' financial circumstances. Additionally, at least one of the two "anticipated car payments" should be removed from the Budget. *Id*. Either one of these adjustments to the Budget produces a surplus that demonstrates the Debtors' ability to repay a significant dividend to unsecured creditors over the course of a thirty-six month chapter 13 repayment plan.

7. **The *Bowers* Test.** Courts have held that an ability to pay creditors is grounds for dismissal under 11 U.S.C. § 707(b)(3). In re Bowers, Case No. 14-51952-(AMK), Dkt. 37 at 7-9 (Bankr. N.D. Ohio October 15, 2015) (holding that a debtor's ability to pay an amount equal to the abuse threshold under § 707(b)(2) based on actual income and expenses creates a rebuttable presumption in favor of granting a United States Trustee's motion to dismiss a chapter 7 case for

3

abuse under § 707(b)(3)); *compare* In re Mestemaker, 359 B.R. 849, 857—858 (Bankr. N.D. Ohio 2007) (an ability to pay an amount equal to the abuse threshold under § 707(b)(2) is relevant to determining whether debtors exhibit a want of need sufficient to find abuse under § 707(b)(3)); *see also* Behlke, 358 F.3d at 438 (dismissing a case where debtors' disposable income would pay a *pro rata* dividend to unsecured creditors of 14% in a thirty-six-month chapter 13 plan, or 23% over a five-year plan). In this case, the Debtors schedule no priority claims and $30,297.00 of non-priority unsecured claims. Dkt. 1 at 28. Applying the test that this Court adopted in Bowers, if the Debtors have disposable monthly income sufficient to pay $8,175.00—the presumption threshold at § 707(b)(2)(A)(i)(I) applicable to debtors with less than $32,700.00 of scheduled unsecured claims—over the life of a chapter 13 plan, then the Court will find a rebuttable presumption that the case is an abuse under the "totality of the circumstances" test.

8. **The Debtors Have the Ability to Repay Creditors.** Were the Court to determine that the Debtors have $227.09 per month of disposable monthly income, this would exceed the $8,175.00 threshold. [$227.09 x 36 > $8,175.00]. Here, the Court should simply treat the Social Security Income as one source of income with which to pay creditors under a *totality* test. Alternatively, the Court may remove one of the Debtors' *two* "anticipated car payments, thereby yielding a Budget surplus of $428.06. In a thirty-six-month chapter 13 case, a plan payment of $841.60 would yield a dividend of one hundred percent (100%). A plan payment of just $250.00 would provide unsecured creditors with $9,000—a dividend of nearly thirty percent (29.71%).

**WHEREFORE**, the United States Trustee respectfully requests this Court to enter an order dismissing the above-captioned chapter 7 case pursuant to 11 U.S.C. § 707(b) and granting such further relief as may be appropriate.

Respectfully submitted,

Daniel M. McDermott
United States Trustee Region 9

by:     */s/ Scott R. Belhorn*
Scott R. Belhorn (#0080094)
Trial Attorney
Department of Justice
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue, Suite 441
Cleveland, Ohio 44114-1240
(216) 522-7800 Ext. 260
(216) 522-7193 (fax)
scott.r.belhorn@usdoj.gov

## CERTIFICATE OF SERVICE

I, Scott R. Belhorn, hereby certify that the foregoing Motion was electronically transmitted on or about December 16, 2019, via the Court 's CM/ECF system to the following who are listed on the Court 's Electronic Mail Notice List:

- Harold A. Corzin    hcorzin@csu-law.com, ccorzin@aol.com; oh32@ecfcbis.com
- James F. Hausen    jimh436@gmail.com, batesfirmecf@gmail.com; r40574@notify.bestcase.com
- United States Trustee    (Registered address)@usdoj.gov

I, Scott R. Belhorn, further certify that the foregoing Motion was mailed via U.S. Post, First Class, on or about December 16, 2019, to the following:

Kevin Laverne Erwin
3905 Jean Lane
Barberton, OH 44203

Tammy Jo Erwin
3905 Jean Lane
Barberton, OH 44203

                                                    */s/ Scott R. Belhorn*
                                                       Scott R. Belhorn